IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CANAL INSURANCE COMPANY,** )  )  | |
| **Plaintiff,** ) )  | |
| vs. ) ) | **CIVIL ACTION NO 04-0094-KD-C** |
| **UNITED STATES FIRE INSURANCE** ) **COMPANY, et al,** ) ) | |
| **Defendants.** ) | |

## ORDER

This matter[1] is before the court on plaintiff's statement of appeal (Doc. 225) of Magistrate Judge William E. Cassady's January 24, 2006 order (Doc. 222) denying plaintiff's motion to compel the depositions of Christopher Thomas, Inc. and Jason Tillery (Doc. 212), defendants' response in opposition (Doc. 227) and plaintiff's reply. (Doc. 229). Upon consideration of the pleadings and for the following reasons, plaintiff's appeal (Doc. 212) is **DENIED.**

Plaintiff states that discovery was reopened on September 14, 2005 for the "limited purpose of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is

---

[1] This is a declaratory judgment action to determine coverage among four insurance companies. The underlying case, Civil Action 03-0819-CG-C, Arnold v Golden Peanut Company, LLC, U. S. District Court, Southern District of Alabama, involved a tractor truck driven by Tillery and owned by Tillery's employer Christopher Thomas, Inc., which was pulling a trailer owned by Golden Peanut Company, LLC.  A piece of metal, later identified as a brake drum, came off of the trailer, passed through the windshield of a vehicle driven by Virginia Arnold and struck her in the head.  She and her husband, James, filed suit against Tillery, Thomas, Inc and Golden Peanut.  Ms. Arnold died soon after the case was filed and the case became a wrongful death action which was settled on August 15, 2005.

excess over all other coverages and whether Canal has waived its right to assert its current position regarding these issues." (Doc. 143, p.6).  Plaintiff states that it moved to compel the depositions after repeated attempts to depose Thomas, Inc. and Tillery on these issues. (Doc. 212).

> Magistrate Judge Cassady denied the motion stating as follows:
>
> Plaintiff has failed to convince the Court that the deponents would have relevant and new information with regard to the limited issues for which discovery was reopened.  A reading of both the motion to compel and the request to stay a ruling on the deponents' pending motion to dismiss reveal only vague assertions that they would provide relevant testimony, especially when one consideres (*sic*) that they have been deposed in the underlying wrongful death action and the remaining issues involve the apportionment of the settlement proceeds paid to settle the underlying action.

(Doc. 222).

Plaintiff argues that the order restricts the "broad and liberal interpretation" of the federal discovery rules. (Docs. 225, 229).  Plaintiff argues that Thomas, Inc. and Tillery may "offer relevant testimony with respect to whether Tillery is covered by [plaintiff's] policy" and may offer factual testimony regarding plaintiff's "Truckman's Endorsement, which operates to preclude coverage" for Tillery.  Plaintiff states that Tillery's communication with plaintiff or lack thereof may bear on waiver. (Doc. 225).  Plaintiff points out that although it attended the depositions in the underlying case, it was not a party to the action and "was not permitted to question [defendants] on matters relating to Canal's present action"; thus, no questions were asked regarding coverage issues. (Docs. 225, 229).

Plaintiff also argues that Magistrate Judge Cassady's order, because it was based on a holding that the depositions would not lead to relevant information instead of a procedural defect, effectively grants a protective order such that plaintiff may never depose Thomas, Inc or

Tillery. (Docs. 225, 229).

Defendants Thomas, Inc. and Tillery respond that they "cannot offer any relevant evidence, not already in Canal's possession, concerning whether Canal's policy covers Tillery, whether Canal's policy is excess over all coverages and whether Canal has waived its right to assert it current position regarding these issues." (Doc. 227). Defendants respond that they never refused to be deposed but instead actually appeared each time they were properly noticed, including one time when the deposition had been cancelled without notice to them or their counsel. (Doc. 227).[2]

Defendants also point out their deposition was noticed for February 7, 2006, after the motion to compel was filed, thus the motion to compel could have been denied as premature. (Doc. 227). Plaintiff replies that defendants have filed objections to their deposition notices. (Doc. 229).

Pursuant to FED. R. CIV. P. Rule 72(a), in reviewing a Magistrate Judge's order on a nondispositive matter, the court will set aside or modify an order only when it is found to be clearly erroneous or contrary to law. Additionally, the Local Rules for the Southern District of Alabama set forth the scope of review of a Magistrate Judge's decision and state that the "district judge shall modify, set aside, or remand to the magistrate judge any nondispositive order or portion thereof found to be clearly erroneous or contrary to law." See LR 72.3(e).

The undersigned has carefully reviewed Magistrate Judge Cassady's prior order and notes that he found plaintiff "failed to convince the Court that the deponents would have relevant

---

[2] Plaintiff disputes this statement and states that they were given notice that the deposition of November 29, 2005 was cancelled. (Doc. 229).

and new information with regard to the limited issues for which discovery was reopened" and that "only vague assertions that they would provide relevant testimony" were made. (Doc. 222).

In the motion to compel, plaintiff offered only that it "reasonably believes that testimony of both Jason Tillery and Christopher Thomas is relevant to the issues presented in this case, and is needed for Canal to proceed with its brief on these issues and trial preparation." (Doc. 212). The court acknowledges the broad and liberal scope of the federal discovery rules. However, when relevancy is not readily apparent, the movant should show the relevancy of the requested discovery. In this regard, plaintiff's simple conclusory statement in its motion to compel, a "vague assertion" as described by Magistrate Judge Cassady, did not give any guidance as to how the anticipated testimony would be relevant to the remaining issues or produce new information.[3] Accordingly, the court finds that plaintiff's bare allegation could correctly be found less than convincing.[4]

The court having reviewed the order, the pleadings of the parties, and the law presented

---

[3] Plaintiff now states that defendants may "offer relevant testimony with respect to whether Tillery is covered by [plaintiff's] policy", factual testimony regarding plaintiff's "Truckman's Endorsement, which operates to preclude coverage" for Tillery, and that Tillery's communication with plaintiff or lack thereof may bear on waiver. (Doc. 225).

[4] Defendants responded to the motion to compel and stated that no one prevented Canal's attorney who was present at the depositions in the underlying action from questioning Tillery and Thomas. Defendant also responded that the "issues that remain in the declaratory judgment are more properly directed at testimony from the insurance companies themselves, i.e. St. Paul Insurance, Canal Insurance and U.S. Fire Insurance. The insureds, Golden Peanut, Thomas and Tillery, are not qualified, nor do they possess the knowledge necessary to offer opinions, as to any coverage questions, or any policy language buried in the various insurance policies. Jason Tillery and Christopher Thomas are simply not qualified to testify concerning which insurance policy may be excess to any other insurance policy, whether Jason Tillery qualifies as "an insured" under the terms of any given policy, and certainly not whether Canal, as an insurance company performing insurance practices in an insurance industry, has waived any rights it may have under any fine print of any of the various policies." (Doc. 220).

in their respective arguments, finds that Magistrate Judge Cassady's order is not clearly erroneous or contrary to law. Accordingly, plaintiff's appeal (Doc. 225) is **DENIED**.

**DONE** this the 17th day of March, 2006.

      **s/ Kristi K. DuBose**
      **KRISTI K. DuBOSE**
      **UNITED STATES DISTRICT JUDGE**