**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **CANAL INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CIVIL ACTION NO 04-0094-KD-C** |
| | ) |
| **UNITED STATES FIRE INSURANCE** | ) |
| **COMPANY, et al,** | ) |
| | ) |
| **Defendants.** | ) |

**<u>ORDER</u>**

This matter is before the court on United States Fire Insurance Company's motion for costs with interest and bill of costs in the amount of $4,098.87 against Canal Insurance Company and evidentiary materials (doc. 313, 314), Canal's response in opposition (doc. 315), and US Fire's reply (doc. 316).  Upon consideration, and for the following reasons, US Fire's motion to tax costs against defendants is **GRANTED, in part, and DENIED, in part** as set forth herein.

This case was before the court on the parties' motions for summary judgment. This court's order on the motions resulted in a full disposition of the case and final judgment was entered.  Canal appealed and the Eleventh Circuit Court of Appeals affirmed this court's decision.  Subsequent thereto, US Fire filed the motion for costs now pending before the court.

<u>Costs on appeal</u>

In the motion, U.S. Fire seeks costs on appeal for the transcript of the summary judgment hearing.  US Fire relies on Rule 39(a)(2) of the Federal Rules of Appellate Procedure which states that "if a judgment is affirmed, costs are taxed against the appellant" and Rule 39(e)(2) which states that the costs on appeal are taxable by the District Court and specifically provides

1

for the costs of the reporter's transcript if necessary to the appeal. Canal responds that if the court should find that the transcript was necessary to US Fires's appeal, it would not object. Review of the pleadings indicates that US Fire relied upon excerpts from the transcript to prepare its brief on appeal and therefore, was necessary to the appeal.  Accordingly, to the extent that US Fire's motion to tax costs seeks costs for the transcript on appeal, the motion is **GRANTED** and the Clerk of the Court is directed to tax this cost, $410.25, plus interest against Canal.  The interest shall accrue "from the date of the original judgment." BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F. 3d 1045, 1052 (11th Cir. 1994) and shall be computed in accordance with 28 U.S.C. § 1961.

Costs at the district court

US Fire also seeks costs at the district court level for witnesses ($341.13), mileage ($832.37), lodging including that of the witness ($937.05), meals ($44.92), parking ($6.00), telephone conference calls ($160.20) and computer research fees ($1,366.95) for a total of $3,688.62. (Doc. 300).[1]  US Fire argues that it is entitled to costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure because it is a prevailing party in this litigation. (Doc. 313, 316). US Fire acknowledges this court's final judgment directed each party to bear their own costs but "respectfully requests the Court to permit the clerk to act on U.S. Fire's bill for the costs U.S. Fire is entitled to under Fed. R. Civ. P. 54(d)". (Doc. 313).  US Fire argues that it is not moving to alter or amend the judgment but instead is moving this court to rule on the issue of costs.  US Fire argues that an assessment of costs does not involve reconsideration of the merits because it raises issues that are wholly collateral to the judgment and to which Fed. R. Civ. P.

---

[1] See 28 U.S.C. § 1821, 28 U.S.C. § 1920, and this court's Standing Order 13.

Rule 59(e) does not apply.  US Fire argues that because the Eleventh Circuit Court of Appeals'
affirmance addressed the merits of the case and not issues regarding assessment of costs, this
court is not bound by the affirmance as to the distribution of costs and may consider US Fire's
motion.  US Fire offers a detailed argument that its motion and bill of cost are timely.

Canal responds that because this court has decided the issue of costs and incorporated
that decision into the judgment, US Fire should have filed a motion to alter or amend the
judgment under either Fed. R. Civ. P. Rule 59(e)[2] or 60(b).[3]  Canal argues that the motion should
now be treated as such and dismissed as untimely.  Canal also argues that because there was no
single prevailing party (the results of the motions for summary judgment produced a mixed
outcome for the parties), the court correctly decided the issue regarding costs.  Canal also points
out that it was the prevailing party to the extent that this court found Canal's policy did not
insure Golden Peanut and US Fire was responsible for Golden Peanut's defense.

The court's authority to tax costs is grounded in part in Rule 54(d)(1) states as follows:

Except when express provision therefor is made either in a statute of the United

---

[2] "(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment
shall be filed no later than 10 days after entry of the judgment."

[3]  (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud,
Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal
representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,
inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due
diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3)
fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other
misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied,
released, or discharged, or a prior judgment upon which it is based has been reversed or
otherwise vacated, or it is no longer equitable that the judgment should have prospective
application; or (6) any other reason justifying relief from the operation of the judgment. The
motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than
one year after the judgment, order, or proceeding was entered or taken. . . . .

> States or in these rules, costs other than attorneys' fees shall be allowed as of
> course to the prevailing party unless the court otherwise directs . . . .

Rule 54(d) has been interpreted by the Supreme Court to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987); see also Allstate Ins. Co., Inc. v. Jones, 763 F.Supp 1101, 1102 (M.D. Ala.1991) (The language of Rule 54(d) "is generally considered to state an equitable principle ... [which] vests in the district court a sound discretion over the allowance, disallowance, or apportionment of costs in all civil actions." (citations and internal quotations omitted)). "In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir.1985) (citation omitted). Additionally, motions to reconsider are appropriate when there has been an intervening change in the controlling law, new evidence has been discovered, or a clear error or manifest injustice should be corrected. Gougler v. Sirius Products, Inc., 370 F. Supp.2d 1185, 1189 (S.D. Ala., 2005) (citation omitted).

Regardless of the motion's title or whether it is timely since it was filed after the mandate issued but before the Clerk of the Court acted upon the cost bill presented, US Fire is moving this court to reconsider its prior decision that each party should bear their own costs and seeks a re-taxing of costs against Canal.  US Fire argues that costs should be taxed because it is a "prevailing party" which is entitled to its "costs unless the district court has some special reason to deny the costs" and that this court should "have and state a sound reason for refusing to tax costs against the losing party". (Doc. 313).  However, US Fire has offered no reason for this court to reconsider and modify its decision which did not exist at the time the final judgment was entered.  To the extent that US Fire is a "prevailing party" and Canal is the "losing party", which

is the only argument raised now, they held that status at the time final judgment was entered.  As set forth in Rule 54(d)(1) "costs shall be allowed as of course to the prevailing party unless the court otherwise directs" and in this case, the court has otherwise directed.  Despite US Fire's admonition to the court that it should state a sound or special reason for denying costs, the court finds that US Fire's motion is due to be denied.  As is clear from the order on summary judgment, neither US Fire nor Canal obtained all the relief sought; thus, there is a sound and special reason for each party to bear its own costs: neither wholly prevailed over the other.  See Ameritrust Co., N.A. v. White, 1996 WL 132998 (N.D. Ga., 1996) ("Whether a party is a "prevailing party" is a determination to be made by the district court. . . . [and] whether one has prevailed on a claim is not determinative of the issue of whether the Court will award costs. See 28 U.S.C. § 1920; Howell Petroleum Corp. v. Samson Resources Co., 903 F.2d 778 (10th Cir. 1990) (holding that district court did not abuse its discretion when it refused to award costs to party that only partially succeeded on its claims)) (Citation omitted).  Furthermore, US Fire has presented no viable reason for this court to revisit its decision. See supra Gougler.  Accordingly, to the extent that US Fire's motion seeks to tax costs at the district court level against Canal, the motion is **DENIED**.

Conclusion

Upon consideration of the foregoing, US Fire's motion to tax costs (doc. 313) is **GRANTED** in part and the Clerk of the Court is directed to tax costs for the transcript on appeal, $410.25, plus interest against Canal.  The interest shall accrue "from the date of the original judgment." BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F. 3d 1045, 1052 (11th Cir. 1994) and shall be computed in accordance with 28 U.S.C. § 1961.  US Fire's motion

5

to tax costs for witnesses and the other itemized costs is **DENIED** for the reasons set forth

herein, and stricken to the extent it is inconsistent with this order.

        **DONE** and **ORDERED** this 1st day of May, 2007.


          **s / Kristi K. DuBose**
          **KRISTI K. DuBOSE**
          **UNITED STATES DISTRICT JUDGE**